UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BLAKE,

        Petitioner,

                                CASE NO. 2:06-CV-12901
v.                                 HONORABLE DENISE PAGE HOOD

BLAINE LAFLER,

        Respondent.
                                       /

**OPINION AND ORDER DENYING THE PETITION
FOR WRIT OF HABEAS CORPUS**

**I.**      **Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Christopher Blake ("Petitioner"), a Michigan prisoner, was convicted of carjacking, armed robbery, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2002. He was sentenced to concurrent terms of 7 to 20 years imprisonment on the carjacking and armed robbery convictions, and a consecutive term of two years imprisonment on the felony firearm conviction. Petitioner challenges the pre-trial identification procedures and the jury instructions in his petition. Respondent, through the Michigan Attorney General's office, has filed an answer to the petition contending that it should be denied for lack of merit. For the reasons set forth below the Court denies the petition for writ of habeas corpus.

**II.**     **Facts and Procedural History**

      Petitioner's convictions arise from a carjacking and armed robbery that occurred outside

1

an after-hours club in Detroit, Michigan during the early morning hours on August 5, 2001. Petitioner has submitted a thorough brief in support of his claims. This Court accepts, and incorporates herein, the factual allegations contained in Petitioner's brief in support of his habeas corpus petition insofar as they are consistent with the record, as Respondent has not disputed them. *See Dickens v. Jones*, 203 F. Supp.2d 354, 360 (E.D. Mich. 2002); *see also Bland v. California Dep't. of Corrections*, 20 F.3d 1469, 1474 (9th Cir. 1994).

Following his convictions and sentencing, Petitioner filed an appeal with the Michigan Court of Appeals raising the same claims presented on habeas review. The court considered the claims on their merits and affirmed Petitioner's convictions. *See People v. Blake*, No. 248770, 2004 WL 2314974 (Mich. Ct. App. Oct. 14, 2004) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which the court denied in a standard order. *See People v. Blake*, 472 Mich. 939, 698 N.W.2d 393 (2005).

Petitioner thereafter filed the present habeas petition, asserting the following claims:

I. Petitioner is entitled to a new trial where the trial court erred in denying the defense motion to suppress evidence of Petitioner's identification as the corporeal lineup was unduly suggestive.

II. The trial court reversibly erred in overruling the defense objection to the aiding and abetting instruction as the prosecutor produced no evidence in support of a theory that Petitioner was an accessory rather then the principal to the offense.

Respondent has filed an answer to the petition asserting that it should be denied for lack of merit. Petitioner has filed a reply to that answer.

**III. Analysis**

    **A. Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting

*Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.** **Identification Claim**

Petitioner first asserts that he is entitled to habeas relief because the victims' identifications of him as one of the perpetrators were tainted by an unduly suggestive pre-trial

4

lineup.  Specifically, Petitioner asserts that Petitioner stood out from the other five men in the lineup due to his distinctive hair style and color and his feminine features.  Respondent contends that this claim lacks merit.

A conviction based on identification testimony following pre-trial identification violates due process when the pre-trial identification procedure is so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968).  An in-court identification by a witness to whom the accused was exhibited before trial in an unduly suggestive manner must be excluded unless it can be established that the identification has an independent origin which is not tainted by the suggestive pre-trial identification procedures.  *See Wade v. United States*, 388 U.S. 218, 241 (1967).

A two-step analysis applies to decisions concerning the admissibility of identification evidence.  First, a court must determine whether the identification procedure was impermissibly suggestive.  Second, if the court finds that the identification procedure was impermissibly suggestive, the court must determine whether, under the totality of the circumstances, the testimony was nevertheless reliable.  *United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992). "If the defendant fails to show that the identification procedures were impermissibly suggestive, or if the totality of the circumstances indicates that the identification was otherwise reliable, then no due process violation has occurred." *Id.*

The United States Supreme Court has declared that "reliability is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977).  In *Neil v. Biggers*, 409 U.S. 188, 198-99 (1972), the Supreme Court listed five

5

factors that should be considered when evaluating reliability: (1) the witness's opportunity to view the perpetrator during the crime; (2) the witness's degree of attention during the crime; (3) the accuracy of the witness's prior description of the perpetrator; (4) the witness's level of certainty when identifying the defendant at the confrontation; and (5) the length of time that has elapsed between the crime and the confrontation. "The degree of reliability of the identification, as indicated by the above-stated factors, is to be considered in light of the degree of suggestiveness of the identification procedure and of the totality of the circumstances in determining whether due process requires suppression of the identification. *See Manson*, 432 U.S. at 113-14; *Carter v. Bell*, 218 F.3d 581, 605 (6th Cir. 2000).

In this case, the Michigan Court of Appeals considered the totality of the circumstances and ruled that the corporeal lineup was not impermissibly suggestive. The court also noted that it would nonetheless find that there was an independent basis for the witnesses' in-court identifications. *See Blake*, 2004 WL 2314974 at *1.

Having reviewed the record, this Court concludes that the Michigan Court of Appeals' determination in this regard is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts in light of the evidence. First, the corporeal lineup shown to the witnesses was not unduly suggestive. The lineup participants were of the same general complexion, height, weight, and age as Petitioner. The participants all wore the same jail uniforms and four of the six participants (one being Petitioner) had braids. The participants thus generally fit the perpetrator's description and bore some resemblance to Petitioner. While Petitioner may have had longer braids, less facial hair, and looked somewhat more feminine than the other participants, such physical dissimilarities were not so significant

6

as to invalidate the lineup. Moreover, the witnesses testified that they identified Petitioner in the lineup based upon his face and eyes.

Further, even assuming that the lineup was impermissibly suggestive, the witnesses in-court identifications of Petitioner were reliable. The three witnesses had an opportunity to see the perpetrators during the crime because they were near or within a few feet of the men and the incident occurred in a fairly well-lit area. The witnesses took note of the perpetrators because they were standing near the victim's car and two of the men were dressed like women. The time of the incident was lengthened by the fact that the victim did not readily give up her keys and purse. While the incident was undoubtedly stressful, there was no evidence that the witnesses' physical or emotional states impeded their ability to observe the perpetrators. The witnesses noted that Petitioner's hair was pulled back during the crime and in braids with a different color during the lineup, but they recognized his face. Significantly, the witnesses did not express any doubt about their identifications of Petitioner when testifying at trial, approximately nine months after the incident. They also stated that their identifications were based upon their recollections of the incident. Considering the totality of the circumstances, this Court concludes that the in-court identifications were sufficiently reliable and independent of the disputed lineup such that Petitioner's due process rights were not violated by the admission of the identification testimony at trial. Habeas relief is not warranted on this claim.

### C. Jury Instruction Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in instructing the jury on aiding and abetting where there was insufficient evidence to support such an instruction. Respondent contends that this claim lacks merit.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury has applied the instruction improperly. *See Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial court record. *See Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996). State law instructional errors rarely form the basis for federal habeas corpus relief. *Estelle*, 502 U.S. at 71-72.

Under Michigan law, one who procures, counsels, aids, or abets in the commission of an offense may be convicted and punished as if he directly committed the offense. *See* Mich. Comp. L. § 767.39. In this case, the trial court gave Michigan's standard aiding and abetting instruction. The trial court properly instructed the jury on aiding and abetting by stating that the jury must find that Petitioner possessed the same intent as the principal for the crimes charged. The trial court informed the jury that Petitioner must have intended the commission of the crime charged or have known that the other persons intended its commission at the time of the giving aid or encouragement, and that the mere fact that he may have been present when the crime was committed was insufficient to find him guilty.

On appeal, the Michigan Court of Appeals concluded that the trial court properly instructed the jury on aiding and abetting because although there was ample evidence from

which the jury could conclude that defendant was the principal in the offenses, there was also sufficient evidence to establish that Petitioner aided co-defendant Johnny Bryant in committing the offenses. *See Blake*, 2004 WL 2314974 at *2.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The trial court's instruction on aiding and abetting was supported by the evidence at trial. As set forth by the Michigan Court of Appeals, the trial testimony revealed that:

> On the night of the offense, Alina Jawad, Lakeisha Cook, and Benjamin Escobar saw Bryant, defendant, and four other men hanging around a black Lincoln, which was parked directly next to Jawad's car. Bryant testified that he opened the door and pulled Jawad out of her car. A second man, who was seated in the Lincoln, leaned out with a gun, put it to her forehead, and told Jawad to give up her purse. A third man held Escobar at gunpoint. After the driver's purse and car keys were taken away, the three witnesses saw defendant and another man get into Jawad's car and drive off. When defendant got inside Jawad's car, he pointed the gun at Cook. A fourth man, armed with a gun, stood up through an open sunroof in the Lincoln, and ordered Escobar to throw him the bag Escobar was holding. All three of the witnesses identified defendant as the man who was armed with a gun and involved in the offenses.

*Blake*, 2004 WL 2314974 at *2.

Given such evidence, a reasonable trier of fact could conclude that Petitioner aided and abetted Bryant in committing the crimes. The record indicates that Petitioner and the other perpetrators acted in concert to commit the crimes. Petitioner could reasonably be viewed as a principal or as an aider and abettor, depending on one's view of the evidence and assessments of credibility. Petitioner has not shown that the trial court's aiding and abetting instruction was erroneous or that it rendered his trial fundamentally unfair. Habeas relief is therefore not warranted on this claim.

**IV.    Conclusion**

The Court concludes that Petitioner has failed to establish that the state courts' denial of relief is contrary to United States Supreme Court precedent or constitutes an unreasonable application of federal law or the facts. Petitioner is not entitled to federal habeas relief on the claims contained his petition. Accordingly, the petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: January 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2008, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager